UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MBRO CAPITAL, LLC,<br><br>           Plaintiff,<br>v.<br><br>MICHAEL I. STOLZAR and KARLEN,<br>STOLZAR & REIMANN, LLP,<br><br>           Defendants. | 3:09-cv-1688 (CSH) |

**ORDER REGARDING INSUFFICIENCY OF JURISDICTIONAL ALLEGATIONS**

HAIGHT, Senior District Judge:

    Plaintiff alleges diversity of citizenship under 28 U.S.C. § 1332, stating:

    MBRO is a Connecticut limited liability company with an address at 991 Ponus Ridge Road, New Canaan, Connecticut 06840.  STOLZAR is, upon information and belief, an individual with a residence address at 19 Rockinghorse Trail, Rye Brook, New York 10573.  KSR is, upon information and belief, a New York limited liability partnership with a business address at One North Broadway, Suite 800, White Plains, New York 10601.

(Compl. ¶ 1(b).)  The Court has examined *sua sponte* the sufficiency of these jurisdictional allegations and determined that additional information is required to confirm the existence of diversity jurisdiction.

    It is firmly established that diversity of citizenship "'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'" *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893). It is also clear that a statement of the parties' residence is insufficient to establish their citizenship.  *Id.*; *John Birch Soc'y v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir.1967).

*Leveraged Leasing Admin. Corp. V. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

Statements of residence, such as that made regarding individual Defendant Stolzar, are insufficient because citizenship for diversity purposes is determined by an individual's domicile,

not residence.  An individual may have several residences.  He or she can have only one legal domicile.  The citizenship of a limited liability company, such as Plaintiff MBRO Capital, LLC, is determined by the citizenship (*e.g.*, state of domicile) of each of its members.  Likewise, the citizenship of a limited liability partnership such as Defendant Karlen, Stolzar & Reimann, LLP, is determined by the citizenship of each of its partners.  "[I]t is well established that an artificial legal entity other than a corporation does not have a state of incorporation or "principal place of business" for diversity-jurisdiction purposes, and its citizenship is instead determined by the citizenship of all of the members of that entity." *Samantha Szewczyk, PPA v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 96781 at *3 (D. Conn. Oct. 19, 2009) (*citing Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).

Plaintiff is directed to file and serve an amended complaint not later than **November 19, 2009**, containing sufficient jurisdictional allegations with respect to itself and Defendants.  To the extent that Plaintiff needs to conduct limited jurisdictional discovery into the citizenship of Defendants, Defendants are directed to answer those inquiries.  Plaintiff is ordered to serve a copy of this order on Defendants on or before **October 28, 2009**.  All proceedings in the case are **STAYED** pending the filing of an amended complaint in conformity with this Order.

It is SO ORDERED.

Dated: New Haven, Connecticut

October 22, 2009

                                               /s/ *Charles S. Haight, Jr.*
                                               Charles S. Haight, Jr.
                                               Senior United States District Judge